**STATE of Utah, in the Interest of J. C. P., a person under eighteen years of age.**

**No. 15130.**

Supreme Court of Utah.

Feb. 3, 1978.

Robert V. Phillips of Patterson, Phillips, Gridley & Echard, Ogden, for appellant.

Robert B. Hansen, Atty. Gen., Franklyn B. Matheson, Asst. Atty. Gen., Salt Lake City, for respondent.

HALL, Justice:

This is an appeal from a juvenile court determination that J.C.P. obstructed justice in violation of U.C.A., 1953, 76–8–306, the pertinent provisions of which are:

> Obstructing justice.—(1) A person is guilty of an offense if, with intent to hinder, prevent, or delay the discovery, apprehension, prosecution, conviction, or punishment of another for the commission of a crime, he:

> \*   \*   \*   \*   \*   \*

(f) Obstructs by force, intimidation, or deception anyone from performing an act which might aid in the discovery, apprehension, prosecution or conviction of such person.

The facts of this case are relatively simple. Officer Bowcutt of the Ogden City Police was at the curb of an Ogden City street discussing a vehicle impound with one Scott Payne. Directly across the street a fellow officer, Pidcock, was seated in his patrol car and he heard some of the discussion as it transpired. Officer Pidcock's direct attention was thereafter drawn by a cry from Officer Bowcutt for assistance and he then observed him reach out for Scott Payne who in turn began striking Officer Bowcutt. Officer Pidcock ran to them (they now being out in the street) and attempted in his words, "to neutralize the situation," at which time was himself struck by Scott Payne several times which knocked his glasses to the ground. Officer Pidcock then grasped Scott Payne by the arm in an attempt to handcuff him at which time he was assaulted by J.C.P. who forcefully caused him to release his grip on Scott Payne. Ultimately, both Scott Payne and J.C.P. were subdued and arrested.

The juvenile court found that the crime of assault was being committed upon Officer Bowcutt, that Officer Pidcock had a right to intervene and that J.C.P.'s interference constituted on obstruction of justice.

J.C.P. asserts on appeal that the court's finding that an assault was being committed by Scott Payne was not supported by the evidence and that as a consequence it was without jurisdiction.

The trial court may have erred in concluding by inference, without direct evidence being presented, that Scott Payne assaulted Officer Bowcutt. However, that determination is not dispositive of this appeal because there is adequate other evidence in the record to support a finding of guilt.

The trial court need not have concerned itself with the respective lawfulness of the actions of Officer Bowcutt and Scott Payne which give rise to the altercation between them, nor need we here. We need only survey the acts of Officer Pidcock and the resultant consequences thereof.

Officer Pidcock was performing his sworn duties in attempting to quell a disturbance.[1] In the course of doing so he was a victim of the crime of assault perpetrated by Scott Payne. He was also assaulted by J.C.P. who was obviously attempting to frustrate his efforts to uphold the law and to apprehend Scott Payne.

J.C.P. clearly violated the statute [2] by his forceful act of obstruction designed to prevent or delay the apprehension of his brother, Scott Payne, for the commission of a crime.

The judgment is affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN, Justice (dissenting).

For the following reasons, I dissent.

The main opinion concludes:

J.C.P. clearly violated the statute by his forceful act of obstruction designed to prevent or delay the apprehension of his brother, Scott Payne, for the commission of a crime.

Such a result can be reached by speculation, only. This is so for the reason there is no evidence in the record showing Scott Payne to have committed, or to be committing crime. The matter is a simple failure of proof.

On December 31, 1976, Officer Willis Pidcock, a patrolman for Ogden City, was in

1. U.C.A., 1953, 10–6–66. Police officers—Powers and duties.—All police officers of any city shall possess the powers conferred upon constables by law. It shall be the duty of the police force in any city at all times to preserve the public peace, prevent crime, detect and arrest offenders, suppress riots, protect persons and property, remove nuisances existing in the public streets, roads and highways, enforce every law relating to the suppression of offenses, and perform all duties enjoined upon them by ordinance.

2. U.C.A., 1953, 76–8–306.

**688**

uniform and on duty. He observed Ogden City Officer Bowcutt discussing an impound, with one Scott Payne. He then saw Officer Bowcutt reach out toward Payne, and at the same time he called to Officer Pidcock for assistance. Officer Pidcock went to Bowcutt's aid, and while attempting to help subdue Payne, Pidcock's arm was grasped by the appellant, causing Pidcock to lose his hold on Payne. Both persons were subdued and Pidcock placed appellant under arrest.

Appellant was charged with obstructing justice.

Pertinent provisions of 76–8–306 are:

A person is guilty of an offense if, with intent to hinder, prevent or delay the discovery, apprehension, prosecution, conviction, or punishment of another for the commission of a crime, he:

\* \* \* \* \* \*

(f) Obstructs by force, intimidation, or deception, anyone from performing an act which might aid in the discovery, apprehension, prosecution or conviction of such person.

There is no evidence in the record showing Officer Bowcutt to be discovering, apprehending, effecting the prosecution, conviction, or punishment of another for the commission of a crime. There is no evidence showing why Officer Bowcutt and Payne were scuffling. Officer Bowcutt did not testify, and Officer Pidcock (who did testify) did not know why Officer Bowcutt and Payne were scuffling, or the reason for what appeared to be active disagreement.

For one to be convicted under the provisions of the statute cited above, which are pertinent here; a defendant must have the intent to hinder, prevent, or delay the discovery, apprehension, prosecution, conviction, or punishment of another for the commission of a crime. Furthermore, the defendant also must obstruct by force, intimidation, or deception anyone from performing an act which might aid in the discovery, apprehension, prosecution, or conviction of such person.

Here, there is no evidence Officer Bowcutt or Officer Pidcock were doing anything to Payne for the commission of a crime. Payne managed to hit Officer Bowcutt; and Officer Pidcock, when he arrived. The court found the crime to be assault on Officer Bowcutt. From the record before us, such a result could only come from speculation.

WILKINS, J., concurs in the dissenting opinion of MAUGHAN, J.